RECEIVED
SEP 2 9 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| STATE OF LOUISIANA AND THE VERMILION PARISH SCHOOL BOARD | CIVIL ACTION NO. 04-2089 |
| VERSUS | JUDGE DOHERTY |
| BASS ENTERPRISES PRODUCTION COMPANY AND CHEVRON U.S.A., INC. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Presently pending before this Court is a Motion to Remand for lack of subject matter jurisdiction, specifically a lack of diversity among all parties. The motion is opposed by the removing defendant. For the following reasons, the motion will be granted and this matter remanded to the Fifteenth Judicial District Court for the Parish of Vermilion, State of Louisiana.

The State of Louisiana and the Vermilion Parish School Board filed a Petition for Damages in state court seeking to recover damages for, *inter alia*, alleged trespass by the defendants in the form of depositing harmful substances onto the property which is the subject of the captioned litigation. According to the Petition, the subject property is "school land" owned by the State of Louisiana.[1] Notwithstanding the presence of the State of Louisiana as a party plaintiff, the defendants removed this action from state court on the basis of diversity jurisdiction. The plaintiffs have now filed a Motion to Remand to state court, challenging this Court's diversity jurisdiction.

The analysis of whether this Court has diversity jurisdiction begins with the removal statute which grants defendants the authority to remove cases from state court under certain circumstances.

---

[1] Petition for Damages to School Lands [Doc. 1], at 1, ¶ 1.

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "A removing party bears the burden of demonstrating that jurisdiction properly exists over the removed action." Smallwood v. Illinois Central Railroad Company, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*). "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." Id. Specifically, a removing defendant must prove the matter in controversy exceeds the value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

The plaintiffs have not challenged the amount-in-controversy requirement in this matter, but argue that the diversity requirement is not met.[2] It has long been well-settled that a state is not a "citizen" for purposes of diversity jurisdiction; therefore, it is impossible for a Court to assert diversity jurisdiction over a matter in which a State is a party. *See* PYCA Industries, Inc. v. Harrison County Waste Water Management District, 81 F.3d 1412, 1416 (5th Cir. 1996); Tradigrain, Inc. v. Mississippi State Port Authority, 701 F.2d 1131, 1132 (5th Cir. 1983). As this action could not have

---

[2] Inasmuch as the State of Louisiana is a named plaintiff whose claim has been removed to this Court over its objection, this case raises questions concerning Eleventh Amendment sovereign immunity. However, in its briefing, the State has not mentioned either "Eleventh Amendment" or "sovereign immunity," nor has it included any argument directed at either concept. The sovereign immunity recognized by the Eleventh Amendment provides powerful protection from being forced to litigate in federal court, but "a state always has the prerogative of foregoing its protection . . . consent to suit must be both *knowing* and *voluntary*. . . . Waiver is effective when it is the 'intentional relinquishment or abandonment of a known right or privilege.'" Pace v. Bogalusa City School Board, 403 F.3d 272, 277 (5th Cir. 2005) (*en banc*) (emphases in original). Sovereign immunity – as protected by the Eleventh Amendment – is a very well-known and acknowledged right the State of Louisiana possesses; in light of the fact that the State has not invoked that right in this case, this Court will assume the State does not intend to raise whatever Eleventh Amendment rights it might have in this matter, at this juncture.

been brought in this Court pursuant to 28 U.S.C. §1332, this Court therefore would not have had original jurisdiction over this matter and, therefore, unless the presence of the State of Louisiana is not considered in ascertaining whether jurisdiction exists, removal from state court would not have been proper.

The removing party, Chevron, has invoked the jurisdiction of this Court and, therefore, bears the burden of demonstrating that subject matter jurisdiction exists. In an effort to carry its burden, Chevron argues that the citizenship (or lack thereof) of the State of Louisiana should be ignored in the diversity analysis because the State is only a formal or nominal party. This Court agrees, diversity analysis does require a court consider the citizenship of only those parties with a substantive role in the litigation. "The 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. . . . Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003). "In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit." Wolff v. Wolff, 768 F.2d 642, 645 (5th Cir. 1985). See also Nunn v. Feltinton, 294 F.2d 450, 453 (5th Cir. 1961) ("It has been established from an early date that the joinder of formal or unnecessary parties cannot prevent the removal of an action to a federal court. . . . the right of removal depends upon the case disclosed by the pleadings when the petition for removal is filed, subject to the right of the defendant in its petition to show that parties joined by the plaintiff are not necessary parties.") For the reasons which follow, however, this Court disagrees that the State of Louisiana is a formal

or nominal party whose presence in this litigation should be ignored for purposes of determining diversity jurisdiction.

For those Sixteenth Section school lands owned by the State of Louisiana, trespass claims may be asserted by the State of Louisiana or by the school board in whose jurisdiction the lands lie; in either event, the claim must be asserted in the name of the State of Louisiana.[3] The applicable statutory provisions establishing this authority are set forth below.

Title 41, Public Lands, Chapter 6, Part IV, entitled "Actions Involving School Lands," provides in pertinent part the following statutes:

Subpart A. Actions by the State

*§ 921. Action for recovery of title and damages for trespass*

The Attorney General may contract with and employ attorneys at law to sue for and recover from any person, firm or corporation, claiming under title, sixteenth sections known as school lands, title to which belongs to the State of Louisiana, and to sue for and recover damages for trespass upon sixteenth sections known as school lands except where the school boards have sold timber thereon, whether the trespasser claims under color of title or not.

*§ 924. Lands to which applicable*

The authority given by the Sub-part shall apply to all sixteenth sections donated by Congress of the United States to the State of Louisiana in trust for public school

---

[3] The Petition for Damages contains the following allegations. "Comes now plaintiff, the State of Louisiana, to respectfully allege that . . . Plaintiff owns the following described property located in Vermilion Parish, Louisiana, in the Ricefield Field . . . ." Record, Doc. 1, at 1. In its briefing, Chevron suggests that the Vermilion Parish School Board (rather than the State of Louisiana) might be the actual owner of the property at issue and requests an opportunity to conduct discovery to answer that question. However, Chevron presents no evidentiary basis for its suggestion the State of Louisiana might have filed a false pleading by asserting the property at issue is sixteenth section school lands owned by the State. A simple property records search could have addressed the threshold issue; Chevron presents no evidentiary basis, or persuasive argument to convince this Court the ownership of the property is truly at issue. Without any such basis, this Court cannot find reason to delay this matter beyond the present and for these purposes only, will accept the States undisputed assertion of ownership.

purposes, and to which the state has never legally parted with the title.

Subpart B. Actions by School Boards

*§ 961. Actions for recovery of title and damages for trespass*

The school boards of the various parishes of the state may contract with and employ on the part of the State of Louisiana, attorneys at law, to recover for the state, damages for trespass to the sixteenth section known as school lands the title to which is still in the state. Each of the boards may make these contracts for the lands situated in its own parish and no others. The school boards may also sue for and recover the sixteenth section known as school lands.

*§ 963. Suit in the name of state; scope*

Suit in all cases shall be brought in the name of the State of Louisiana, and the attorneys employed shall sue for the value of all timber cut and removed from any such lands, as well as any and all other legal damages caused by any trespass.

*§ 964. Lands to which applicable*

The authority given by this Sub-part shall apply to all sixteenth sections donated by congress to the state in trust for public school purposes, and to which the state has never legally parted with the title. The suits herein authorized may be brought against those who claimed the right to cue and remove timber from any such lands, under color of title.

Under this framework, the school boards administer the lands, but both the state and the school boards are able to bring suit with regard to Section 16 lands.

Terrebonne Parish School Board v. Mobil Oil Corporation, 310 F.3d 870, 878-79 (5th Cir. 2002), *quoting* La. Rev. Stat. 41:921, 924, 961, 963-64. One of the claims asserted herein is that for trespass. As is mandated in Section 963, the trespass claim has been asserted in the name of the State of Louisiana. Chevron argues that the State nonetheless, should not be considered a party plaintiff in the diversity analysis because the State's presence constitutes a mere formality.

In order to determine whether or not the State of Louisiana has a sufficient substantive role in this litigation, this Court must determine whether the State is a real party in interest. The test for

determining whether a party to an action is the real party in interest is set forth in Wieburg v. GTE Southwest Incorporated, 272 F.3d 302 (5th Cir. 2001).[4] Rule 17(a) of the Federal Rules of Civil Procedure "requires that 'every action shall be prosecuted in the name of the real party in interest.' 'The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.'" Id. at 306. The purpose of this provision "is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right." Id. at 306.

Neither party has provided this Court with any argument on the specific element upon which Louisiana's status turns – i.e. whether it is the entity holding the actual substantive right sought to be enforced. Thus, this Court must extrapolate from the relevant, uncontested facts, and petitions filed which are few and uncomplicated:

- The plaintiffs have alleged that the State of Louisiana owns the subject property.
- Plaintiffs have further alleged that the defendants, while within their rights in entering the subject property in accordance with mineral leases, committed a trespass by exceeding the scope of permissible operations while on the property and thereby causing damage to the property.
- None dispute that as a general matter, property owners posses the substantive right to recover for damage occasioned to their property. While all likely would agree there

---

[4] As the Fifth Circuit has established the standard of review applicable to cases such as those presented here, those of Chevron's arguments concerning the concepts of real party in interest and "formal" or "nominal" parties which are based upon cases from outside of the Fifth Circuit are inapposite.

are circumstances under which a property owner could transfer those rights to a third party, Chevron has not produced evidence to suggest that has happened here. The applicable statutes suggest the State retains its legal right to assert the benefits of ownership of sixteenth section property, which specifically includes the right to recover damages in trespass.

In the absence of any evidence that the State of Louisiana has alienated its legal authority over property it owns – particularly in light of the statutory reservation of its right to sue for trespass as to sixteenth section property – there is no basis for this Court to find the State of Louisiana has divested itself of the substantive rights which accompany property ownership. One such right is the right to sue for damage alleged to that property. The mere fact that the State might chose to also, allow a third party to bring suit *on its behalf* does not argue that the State has foregone its rights or interest as the owner of the property. The language of Rule 17 of the Federal Rules of Civil Procedure mandates the conclusion that the State of Louisiana is one of the real parties in interest named as plaintiffs in this matter. As the State is the owner of the property to which damage is alleged and the substantive right to sue for recovery of damage alleged to property owned is the substantive right being asserted in this action; the owner of the property - here the State - holds that substantive right by virtue of that ownership. The fact that the School Board might be the party who ultimately benefits doesn't, under Rule 17, make the State any less a real party at issue. As such, the citizenship of the State of Louisiana must be considered in the diversity analysis.[5]

---

[5] This Court has become aware of Judge Rubin's ruling, in an action presenting issues of fact and law he has ruled are common with those presented in the case at bar, that the plaintiffs' "claims do not involve trespass . . . . therefore, the state is not a proper party under the R.S. 41:961, et seq." *State of Louisiana and the Vermilion Parish School Board vs. Foster-Brown Company, et al*, Fifteenth Judicial District Court for the Parish of Vermilion, State of

Much of Chevron's argument in opposition to the remand motion is directed at characterizing the State of Louisiana as a "formal" or "nominal" party whose citizenship should not be considered in the diversity jurisdictional analysis. As noted above, a legal conclusion that a party is a "formal" or "nominal" presence in a litigation means that the party's citizenship should not be considered in the diversity jurisdictional analysis. The cases discussing the category of "formal" or "nominal" parties – both those cited by Chevron and those reviewed by this Court in its independent research – consider the issue in one of two contexts: either (a) removing defendants are defending the removal of an action without the approval of a non-diverse party and seek to have the removal remain effective, *or* (b) removing parties are defending removal on diversity grounds notwithstanding the presence of a non-diverse party and seek to convince the court that diversity jurisdiction exists nonetheless. In either event, the test for ascertaining whether a party is "formal" or "nominal" such that its citizenship should not be considered in the jurisdictional analysis is set forth in terms of the proper joinder of *defendants*, not plaintiffs: "To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able

---

Louisiana, Docket No. 82,164, Minute Entry dated May 19, 2005, at 1. Given the fact that the court's conclusion is described very briefly in a Minute Entry and, when presented to this Court, was unaccompanied by a transcript or other description of the procedural context in which the court issued its ruling, nor the court's reasons for ruling, this Court is unable to draw any firm conclusions about the nature, scope, and intent of the ruling. In view of this fact, and as the standard of review for determining "real party in interest" in state court might be widely different from that which applies in the Fifth Circuit, this Court finds that it is not bound by the state court's conclusions regarding the role of the State of Louisiana in this case. Moreover, this Court has not received any indication that the State of Louisiana was dismissed as a party from the noted state court action. In the absence of such evidence, this Court can only presume the State court has concluded that the State of Louisiana continues to have a viable role to play as a party in that litigation. No argument concerning the State's ongoing role has been made, nor information provided, by the parties to this motion. In the absence of any such information, this Court cannot conclude that the presence of the State of Louisiana has no legal significance whatsoever in this litigation.

to establish a cause of action against the non-removing defendants in state court.'" Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 871 (5th Cir. 1991). Thus, the "formal or nominal party" test as argued by Chevron, is not, on its own terms, applicable to the facts of this case, where the defendants seek to have the citizenship of a *plaintiff* eliminated from the jurisdictional diversity analysis.

Both the United States Supreme Court and the Fifth Circuit have recognized that there is a "rough symmetry," although not a precise one, between the designation of a party as "formal" or "nominal" and the "real party in interest" determination of Rule 17. *See* Navarro Savings Association v. Lee, 446 U.S. 458, 463 n.9, 100 S.Ct. 1779, 1783 n.9 (1980); Aetna Casualty & Surety Company v. Iso-Tex, Inc., 75 F.3d 216, 218 n.2 (5th Cir. 1996). Because the "real party in interest" analysis associated with Rule 17 of the Federal Rules of Civil Procedure is more commonly used when considering whether the presence of a *plaintiff* is sufficiently substantive to justify permitting that party to proceed in court, this Court finds the analysis and standards relating to the determination of the "real party in interest" are the more appropriate to be used in this context, where Chevron seeks to have the Court ignore the presence of a non-diverse plaintiff in conducting the diversity analysis. This Court notes, however, that under neither standard would this Court find Chevron's argument persuasive.

The conclusion that the State of Louisiana is a real party in interest turns, ultimately, on the fact that the trespass claims presented here *cannot go forward* without the presence of the State of Louisiana. This prohibition is enshrined in statute and is founded, at least in part, upon the fact that the State of Louisiana *retains ownership* of the property in question. As such – and as the Fifth

Circuit has recently acknowledged[6] – there are very real legal consequences which flow from the presence (or absence) of the State of Louisiana in litigation asserting a trespass claim concerning school lands. In this way, this case is very different from those in which parties have been found to be merely "nominal." In every case reviewed by this Court in which the presence of a non-diverse party was ignored for jurisdictional purposes, the decision to do so flowed from the fact that the non-diverse party had no substantive legal right at issue in the case. *See, e.g.*, Missouri, Kansas, & Texas Railway Company v. Hickman, 183 U.S. 53, 60, 22 S.Ct. 18, 21 (1901); Wieburg, 272 F.3d at 306; Nunn, 294 F.2d at 455.

The Wieburg standard makes clear that Rule 17 does *not* limit real parties in interest to only those who are the ultimate beneficiaries of a claim, but recognizes that there are times when the party who will actually receive the damages resulting from a claim is different from the person who owns the substantive right being enforced by that claim. Examples of such circumstances include a partnership's claims which will benefit individual partners,[7] trustees' claims which will benefit the trust's beneficiaries,[8] and claims by the owners of property subject to a usufruct.[9] In this particular case, the State of Louisiana appears, in its own behalf, seeking the recovery of damages the

---

[6] *See* Terrebonne Parish School Board v. Mobil Oil Corporation, 310 F.3d 870, 881-82 (5th Cir. 2002) (where the Court found that no trespass action had been alleged because the State of Louisiana had not been named as a party plaintiff *and* further found that the absence of the State of Louisiana as a party plaintiff prevented the school board from invoking the state's exemption from prescription to justify its delay in filing suit).

[7] *See, e.g.*, Bankston v. Burch, 27 F.3d 164, 167 (5th Cir. 1994).

[8] *See, e.g.*, Navarro Savings Association v. Lee, 446 U.S. 458, 462-64, 100 S.Ct. 1779, 1782-84 (1980).

[9] *See, e.g.*, State v. Jefferson Island Salt Mining Company, 183 LA. 305, 311-12, 163 So. 145, 147 (1935); Leon v. Moore, 2003-2612 (La.App. 1 Cir. 10/29/04), 896 So.2d 1073.

defendants have allegedly inflicted arguably through the mechanism of trespass upon property the State owns. Chevron argues that the presence of the State is a mere procedural formality because the State doesn't control the litigation, nor will it benefit from any damages recovered as a result of the litigation because although those funds will be received by the State, they will be reserved for the benefit of the Vermilion Parish schools.[10] These points are without contradiction in the record, but they remain inapposite. Rule 17 specifically addresses the latter argument, and the former is not persuasive. The Fifth Circuit has held, the party which owns the substantive right is the real party in interest. Here the substantive right is the right to sue for redress; the State as owner possesses that right. In light of Wieburg, this Court cannot justify concluding that the unusual circumstances of this case – where the State of Louisiana has bestowed statutory authority upon 64 school boards throughout the State to sue on its behalf at their will – render the presence of the actual owner of the property and the party to whom recovery would flow initially, the State of Louisiana, irrelevant to this litigation. The State has not transferred its ownership in the property. Nor has it assigned its right to sue for recovery from damage to that property solely to a third party. To the contrary; the State has retained all of its rights as owner, although choosing to allow others, also, to exercise certain of those rights *on its behalf*. Thus, this Court does not find, in light of the clear language of Federal Rule Civil Procedure 17(a) that the State of Louisiana has ceased to be a real party at interest in this action for recovery of damages allegedly sustained to property owned by the State.

---

[10] Chevron briefly argues that the State of Louisiana is not a legitimate party to this litigation because it is a party to only one of the claims being asserted (*i.e.* the trespass claim only) and has no role to play in the contract claims asserted by the Vermilion Parish School Board. Even if Chevron's premise is correct – which this Court need not address – the doctrine of permissive joinder clearly permits non-related plaintiffs to present their related claims in one action. The point of the argument is not obvious to this Court, nor has it been explained by Chevron in its briefing.

## CONCLUSION

This Court's jurisdiction in this case turns on diversity jurisdiction, which in turn keys to whether the State of Louisiana possesses the substantive right to assert the trespass claims at issue herein. As the owner of the property, here the State, possesses that right, this Court finds the State of Louisiana is a "real party at interest and not merely a formal or nominal party." For this reason, this Court finds that the presence of the State of Louisiana must be considered in the jurisdictional analysis, the prerequisites for diversity jurisdiction are not met and, therefore, subject matter jurisdiction does not exist in this matter. The remand motion will be granted and this matter remanded to the Fifteenth Judicial District Court for the Parish of Vermilion, State of Louisiana.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___ day of September, 2005.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE